UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DARRYL LAMAR POWELL,**

        **Petitioner,**

v.                                                                                          Case No:  2:13-cv-492-FtM-36DNF

**UNITED STATES OF AMERICA,**

        **Respondent.**

                                                            /

## ORDER

This cause is before the Court pursuant to an amended motion to vacate, set aside, or correct a sentence brought pursuant to 28 U.S.C. § 2255 by Darryl Lamar Powell ("Petitioner") (Doc. 8).[1] In response to the Court's order to show cause (Doc. 9), the Government filed a response (Doc. 12).  Petitioner filed a reply (Doc. 15).

In the § 2255 motion,  Petitioner submits that: (1) he was sentenced to a statutory minimum sentence that was increased based on facts that were not submitted to and found by a jury; (2) the trial court erred when it refused to permit the jury to hear that he faced a mandatory minimum sentence.; (3) the Government impermissibly submitted evidence of an uncharged crime to the jury; (4) appellate counsel was ineffective for failing to argue on direct appeal that a search warrant was stale;[2] (5) his not-guilty plea was unintelligent, unknowing, and involuntary; and (6) the Armed Career Criminal Act is unconstitutional (Doc. 8 at 4-29).

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order.  The Court will refer to the docket of the civil habeas case as "Doc." and will refer to the docket of the underlying criminal case (MDFL Case No. 2:10-cr-36-36DNF) as "Cr. Doc."

[2] In response to the § 2255 motion, the Government pointed out that appellate counsel actually did raise this claim on direct appeal (Doc. 12 at 17-18).  In his reply, Petitioner concedes that "counsel's efforts regarding the State search warrant remove the conduct form the ambit of the

Upon review of Petitioner's claims, the Government's response, and Petitioner's reply, the Court concludes that Petitioner's § 2255 motion must be denied.

## I.     Background and Procedural History

On March 10, 2010, Petitioner was indicted for possessing a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and 2 (Cr. Doc. 1).  After a jury trial, Petitioner was found guilty as charged (Cr. Doc. 72, Cr. Doc. 105 at 162-64). He received the minimum mandatory sentence of 180 months in prison, which was below the advisory guideline range of 188 to 235 months (Doc. 89 at 2; Doc. 107 at 58).   Petitioner's conviction and sentence were affirmed on direct appeal. *United States v. Powell*, 470 F. App'x 857 (11th Cir. 2012).   A writ of certiorari was denied by the United States Supreme Court. *Powell v. United States*, 133 S. Ct. 801 (2012).

Petitioner filed a motion to vacate, set aside, or correct sentence in this Court on July 3, 2013 (Doc. 1).  He filed the instant amended petition on November 22, 2013 (Doc. 8).

## II.    Legal Standards

### A.    Standard of Review

Title 28 U.S.C. § 2255 provides federal prisoners with an avenue for relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (2015).  If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a

---

ineffective-assistance-of-counsel doctrine." (Doc. 15 at 8).  Accordingly, claim four will not be addressed by this Court.

new trial or correct the sentence as may appear appropriate." *Id.* at § 2255(b). To obtain this relief on collateral review, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment).

Under § 2255(b), unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall "grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." The Eleventh Circuit Court of Appeals has explained, "[a] habeas corpus petitioner is entitled to an evidentiary hearing on his claim 'if he alleges facts which, if proven, would entitle him to relief.'" *Smith v. Singletary*, 170 F.3d 1051, 1053 (11th Cir. 1999) (quoting *Futch v. Dugger*, 874 F.2d 1483, 1485 (11th Cir. 1989)). However, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *see also Aron v. United States*, 291 F.3d 708, 715 (11th Cir. 2002) (explaining that no evidentiary hearing is needed when a petitioner's claims are affirmatively contradicted by the record or patently frivolous).

### B.     Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, Petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). These two elements are commonly referred to as the performance and prejudice prongs. *Reece v. United States*, 119 F.3d 1462, 1464 n.4 (11th Cir. 1997). If a petitioner fails to establish either prong, the Court need not consider the other prong in finding that there was no ineffective assistance of counsel. *Strickland*, 466 U.S. at 697.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 at 689–90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals:

> [The test for ineffective assistance of counsel] has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. Strickland encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). A claim of ineffective assistance of appellate counsel is evaluated under the same standard as for trial counsel. *See Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991).

### III.  Analysis

#### A.  Claim One

Petitioner asserts that he is entitled to habeas relief because he was sentenced to a statutory minimum sentence that was increased based on facts that were not submitted to and found by a jury (Doc. 8 at 5, 26-27). Specifically, Petitioner argues that he should not be subject to the fifteen year minimum sentence required by 18 U.S.C. § 924(e) for "a person who violates section 922(g) of this title and has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." *Id.* at 26. Petitioner asserts that "[t]he

judge cannot determine if [his three prior] convictions occurred on separate occasions; that inquiry must be made by the jury or be admitted by the defendant. Here it was not. Thus, the jury failed to find all the elements necessary for an ACCA conviction."[3] *Id.* at 27.

During Petitioner's sentencing hearing, the Government relied on his prior convictions for: (1) sale of cocaine (Fla. Case No. 87-CF-0191); (2) possession of a controlled substance with intent to sell (Case No. 89-CF-2139); and (3) sale of a controlled substance (Case No. 90-CF-0025) (Cr. Doc. 107 at 18-19). Petitioner objected to the use of the latter two convictions because the *Shephard*[4] approved documents were too vague to show that these offenses had actually occurred on separate occasions. Specifically, Petitioner argued that the charging documents alleged that he had been convicted of possession of a controlled substance with intent to sell on or about September 29, 1989 and sale of a controlled substance on or about September 28, 1989. *Id.* at 24-25. Defense counsel argued that these two offenses occurred too close in time to determine whether they were committed on occasions different from one another. *Id.* After hearing from the Government and reviewing the documents, the Court overruled Petitioner's objections because it was of the opinion that "the Government [had] met its burden with regard to establishing that the two convictions arose out of separate and distinct criminal episodes and that these were successive rather than simultaneous transactions." *Id.* at 37-38.

---

[3] To be considered different occasions, the crimes must be "temporally distinct" and arise from "separate and distinct criminal episode[s]." *United States v. Sneed*, 600 F.3d 1326, 1329 (11th Cir. 2010) (internal quotation marks omitted). Petitioner does not now assert that his convictions did not occur on separate occasions or that the trial court relied on impermissible documents in reaching its conclusions. Rather, Petitioner argues that the trial court erred by making the determination rather than requiring the jury to do so.

[4] In *Shepard v. United States*, 544 U.S. 13 (2005) the United States Supreme Court determined that the government must use only certain conclusive judicial records such as the charging documents, plea agreements and colloquies, jury instructions, and other comparable judicial records to determine whether a prior conviction is a "violent felony" for ACCA purposes.

Petitioner has already raised this precise issue on direct appeal, arguing in his brief on appeal ("App. Brief") that "[t]he enhancement of Powell's sentence pursuant to the ACCA violated his Fifth and Sixth Amendment rights, because each of the ACCA's statutory requirements – i.e., whether he has 'three prior convictions' of a 'serious drug offense' or 'violent felony' that were 'committed on occasions different from one another' – were not proven to a jury beyond a reasonable doubt." (App. Brief at 31). The Eleventh Circuit rejected this argument when it affirmed Petitioner's conviction and sentence. *Powell*, 470 F. App'x at 857.

Claims already raised and rejected on direct review normally will not be entertained in a § 2255 motion. *See Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir. 1986) ("It is well established in the federal circuits that a federal prisoner cannot raise collaterally any issue litigated and adjudicated on a direct appeal from his conviction, absent an intervening change in the law. Any other rule would frustrate policies strongly favoring conservation of judicial resources and finality of judicial decisions."); *Reed v. Farley*, 512 U.S. 339, 358 (1994) (Scalia, J., concurring). Moreover, in his brief on appeal, Petitioner recognized that this argument was foreclosed by the Supreme Court case of *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which excepts from jury consideration the "the fact of a prior conviction." (App. Brief at 44). However, notwithstanding the Supreme Court's ruling, Petitioner maintained his argument on appeal "[i]n the event that *Almendarez-Torres* is overruled." (Brief 45). Neither *Almendarez-Torres*, nor the Eleventh Circuit cases applying its precedence, have been overruled. To the contrary, in *United States v. Weeks*, the Eleventh Circuit explained:

> Since *Shepard*, we have consistently held that *Almendarez–Torres* remains good law, and we have explained that, for ACCA purposes, district courts may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions, so long as they limit themselves to *Shepard*-approved documents. *See United States v. Sneed*, 600 F.3d 1326, 1332–33 (11th Cir. 2010) (holding that "sentencing courts may look to certain facts underlying [a] prior conviction" in making the "different occasions inquiry," but must limit themselves to Shepard-approved sources); *United States v.*

6

> *Greer*, 440 F.3d 1267, 1273–75 (11th Cir. 2006) (explaining that *Almendarez–Torres* remains binding until it is overruled by the Supreme Court and that it permits judges to determine both the existence and factual nature of a prior conviction). We have also expressly rejected the notion that the ACCA's different-occasions determination, unlike the mere fact of a prior conviction, must be submitted to a jury and proven beyond a reasonable doubt. *United States v. Spears*, 443 F.3d 1358, 1361 (11th Cir. 2006).

711 F.3d 1255, 1259 (11th Cir. 2013); *see also United States v. Jones*, 603 F. App'x 781 (11th Cir. 2015) ("[W]e are bound by *Almendarez-Torres* until it is explicitly overruled by the Supreme Court.") (internal quotation marks omitted).

There has been no intervening change in law or newly discovered evidence that would permit Petitioner to re-litigate this issue. *See Davis v. United States*, 417 U.S. 333, 342 (1974) (holding that upon intervening change in law, defendant may collaterally re-litigate decided issue). Thus, because "direct appeal is the primary avenue for review of a conviction or sentence," and "mere lack of success on that appeal does not pave the way for collateral attack[,]" the Court will not entertain claim one. *Garris*, 794 F.2d at 727 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983), *overruled in part on other grounds*, *Lindh v. Murphy*, 521 U.S. 320 (1997) (internal quotation marks omitted)). Claim one is therefore procedurally barred.

### B. Claim Two

Petitioner asserts that he was "denied a full and fair jury trial when the district court refused to permit the jury to hear that the statute under which he was convicted carried a mandatory minimum sentence." (Doc. 8 at 8). Petitioner asserts that given the lengthy sentence he faced if convicted, "the jury would have concluded Mr. Powell either did not know of the rifle or did not intend to possess it." *Id.*

Respondent urges that this claim is not cognizable on collateral attack because it is not a jurisdictional or constitutional claim (Doc. 12 at 7-8). Respondent also argues that Petitioner procedurally defaulted this claim because "claims that previously were available, yet were not

7

raised in a prior proceeding are procedurally defaulted and ordinarily are barred from consideration on collateral review." *Id.* at 9 (citing *Bousley v. United States*, 523 U.S. 614, 622-24 (1998)). The Court agrees that Petitioner has procedurally defaulted this claim.

The Supreme Court has recognized that "[h]abeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *Bousley*, 523 U.S. at 621 (quoting *Reed*, 512 U.S. at 354). To avoid procedurally defaulting a claim, "a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). A procedural default may be excused, however, if the defendant can demonstrate that one of two exceptions applies: (1) cause and prejudice, or (2) actual innocence. *Bousley*, 523 U.S. at 622.

Petitioner does not dispute that he failed to raise this claim on direct appeal. Thus, he must show that one of the two exceptions to the procedural default rule applies. *See Bousley*, 523 U.S. at 622. Petitioner does not claim that the actual innocence exception applies. Instead, he asserts that appellate counsel was ineffective for failing to raise this claim on direct appeal (Doc. 15 at 3). Ineffective assistance of counsel may serve as the cause required to excuse a movant's procedural default. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). "In order to do so, however, the claim of ineffective assistance must have merit." *Id.* Petitioner has not demonstrated that his ineffective assistance of appellate counsel has merit.

The United States Supreme Court has concluded that a jury must reach its verdict without regard to the sentence that might be imposed:

> It is well established that when a jury has no sentencing function, it should be admonished to "reach its verdict without regard to what sentence might be imposed." *Rogers v. United States*, 422 U.S. 35, 40, 95 S. Ct. 2091, 2095, 45 L.Ed.2d 1 (1975). The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide

8

> whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. Information regarding the consequences of a verdict is therefore irrelevant to the jury's task. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates a strong possibility of confusion. *See Pope v. United States*, 298 F.2d 507, 508 (CA5 1962); cf., *Rogers supra*, 422 U.S., at 40, 95 S. Ct., at 2095.

*Shannon v. United States*, 512 U.S. 573, 579 (1994) (footnotes omitted). Given that it would have been error for the trial court to allow the jury to hear or consider the potential minimum mandatory sentence, this Court cannot conclude that no competent appellate counsel would have declined to raise on direct appeal the issues described in claim two. *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc) (recognizing that to prove a Sixth Amendment violation, a petitioner must establish that "no competent counsel would have taken the action that his counsel did take."). Accordingly, Petitioner has not established that his appellate counsel was ineffective, such as to excuse his procedural default of claim two.

### C. Claim Three

Petitioner asserts that "[t]he government's dismissal of the controlled substance charges, but submission of the drug evidence to the jury, amounts to impermissible purpose." (Doc. 8 at 12). In this claim, Petitioner argues that the sole charge against him concerned the possession of a firearm and ammunition, but the district court allowed testimony regarding Petitioner's possession of drugs. *Id.* Petitioner raised this issue on direct appeal. *See* App. Brief at 39-41. The Eleventh Circuit rejected this claim when it affirmed Petitioner's conviction and sentence. *See Powell*, 470 F. App'x at 858.

The exceptional circumstances under which a federal prisoner may raise collaterally an issue litigated and adjudicated on direct review are not present here; as a result, claim three is procedurally barred. *Garris*, 794 F.2d at 727; *see* discussion *supra* claim one, Part III(A).

9

### D.     Claim Five

Petitioner asserts that counsel was ineffective for not advising Petitioner that the government would be able to prove the charges against him (Doc. 8 at 18).  Specifically, Petitioner alleges that defense counsel told him that in order to be convicted, the Government would need to prove that both the gun and the ammunition were his. *Id.*  However, Petitioner subjectively believed that the Government would *also* need to prove that the ammunition could be used with the gun at issue. *Id.* at 18-19.  Petitioner asserts that had counsel explained that the Government need not prove that the rifle could be used with the ammunition, "he might have pleaded guilty, but in such a manner as to ensure that there was a reasonable probability of a sentence of less than ten years." *Id.* at 19

Respondents urge that Petitioner was never offered a plea to a "less than ten year" offense and even had he pleaded guilty prior to trial, he could not have received a lesser sentence than the fifteen-year minimum mandatory sentence he received by going to trial. (Doc. 12 at 18).  Indeed, Petitioner points to nothing in the record that suggests the Government would have considered a plea agreement with a ten-year sentence, let alone that any other offer (formal or otherwise) was made.  Any assertion that the Government would have agreed to a plea with a ten-year sentence is wholly speculative, and such a speculative assertion is insufficient to show that counsel performed deficiently such that habeas relief is warranted. *See Tejada v. Dugger,* 941 F.2d 1551, 1559 (11th Cir. 1991); *United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007) (vague, conclusory, or speculative claims cannot support an ineffective assistance of counsel allegation).

Petitioner has failed to show either deficient performance or resulting prejudice, and claim five is denied.

**E.     Claim Six**

Petitioner asserts that the Armed Career Criminal Act ("ACCA"), contained in 18 U.S.C. §§ 922(g) and 924(e),[5] violates the Ex Post Facto Clause and is also "unconstitutionally vague" violating due process (Doc. 8 at 20). Specifically, Petitioner argues:

> Conceivably, someone with Mr. Powell's intellect would understand he is not supposed to possess a weapon. That charge, however, only results in a maximum sentence of ten years. The harsher sentence would have required Mr. Powell to comprehend legal argument and reasoning, plus be able to predict that the district court would alter its jurisdiction from a ten-year maximum to a 15 –year minimum. This task is even difficult for the nation's circuit judges, and is a task of which Mr. Powell is incapable.

(Doc. 8 at 20). Plaintiff argues that because there is disagreement among jurists as to the conduct necessary to trigger the 180-month statutory minimum sentence, he could not "be attributed with understanding the meanings of 18 U.S.C. §§ 922(g) and 924(e)." *Id.* Petitioner further argues that "[t]he statute is therefore void for vagueness and violates both the Due Process Clause and the Ex Post Facto Clause." *Id.*

Respondent argues that this claim is defaulted because it should have been raised on direct appeal (Doc. 12 at 8-9). Petitioner does not deny that he failed to raise this claim on direct appeal. Likewise, Petitioner does not allege cause for his failure to raise this claim on direct appeal. *See Bousley*, 523 U.S. at 622; discussion *supra* claim one, Part III(A). Rather, Petitioner argues that "if the ACCA is unconstitutional, it never existed; correspondingly this court never had jurisdiction to impose an ACCA sentence, and a subject-matter jurisdiction challenge cannot be procedurally

---

[5] Pursuant to 18 U.S.C. § 922(g), it is unlawful for a convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." All that is required to violate 18 U.S.C. § 922(g) is that a convicted felon knowingly possess any firearm. *United States v. Beckles*, 565 F.3d 832, 843 (11th Cir. 2009). Generally, a defendant's prison sentence for a violation of § 922(g) is capped at ten years. 18 U.S.C. § 924(a)(2). However, 18 U.S.C. § 924(e)(1) imposes a mandatory minimum fifteen-year sentence for violations of § 922(g) for defendants who have three previous convictions for a violent felony or serious drug offense.

defaulted." (Doc. 15 at 4). Although Petitioner is correct that a claim that a federal court lacks subject-matter jurisdiction may be raised at any stage of the litigation, *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006), the constitutional challenges raised in claim six have been considered and rejected by the Eleventh Circuit. Accordingly, because the arguments raised in claim six have no merit, the Court had jurisdiction to sentence him under the ACCA, and Petitioner cannot overcome his procedural default of this claim.

The Ex Post Facto Clause bars laws that retroactively alter the definition of a crime or increase the punishment for a criminal act. *United States v. Reynolds*, 215 F.3d 1210, 1213 (11th Cir. 2000). For a criminal law to violate the Ex Post Facto Clause, the law must: (1) "apply to events occurring before its enactment"; and (2) "disadvantage the offender affected by it." *Id*. In *Reynolds*, the Eleventh Circuit held that "the use of predicate felonies committed before the ACCA was enacted [to enhance a defendant's sentence] does not violate the Ex Post Facto Clause." *Reynolds*, 215 F.3d at 1213. Reynolds, who pleaded guilty to possessing a firearm as a convicted felon in 1997, was sentenced under the ACCA based, in part, on a 1984 conviction for cocaine delivery. *Id*. at 1212. At the time of Reynolds's cocaine delivery conviction, the ACCA did not provide for drug-related offenses to be used as predicate convictions. *Id.* The Eleventh Circuit concluded that because Reynolds's *firearm possession* offense occurred after the ACCA was enacted, the ACCA did not "impose or increase punishment for a crime committed before its enactment." *Id.* at 1213. Instead, the Eleventh Circuit viewed the application of the ACCA as "a stiffened penalty for [Reynolds's] latest crime" and found no violation of the Ex Post Facto Clause. *Id.* (quoting *Gryger v. Burke*, 334 U.S. 728, 732 (1948)).

As in *Reynolds*, the Court in the present case used Petitioner's prior conviction to stiffen the penalty for his current firearms offense, rather than imposing or increasing the punishment for

his prior offenses. Accordingly, Petitioner has not demonstrated a violation of the Ex Post Facto Clause in this case.

Petitioner's vagueness challenge is equally unavailing. A criminal statute is unconstitutionally vague and violates due process "if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits" or if "it authorizes or even encourages arbitrary and discriminatory enforcement." *United States v. Wayerski*, 624 F.3d 1342, 1347 (11th Cir. 2010) (internal quotation marks omitted). The plain language of § 922(g) makes clear that it is unlawful for any person who has been convicted of a felony to "possess in or affecting commerce, any firearm or ammunition." Likewise, the plain language of § 924(e)(1) imposes a mandatory minimum fifteen-year sentence for violations of § 922(g) by defendants who meet its explicit requirements. Petitioner has failed to show how these provisions are so vague that a person of ordinary intelligence would have to guess at their meaning. Therefore, his void-for-vagueness argument must fail. *Indigo Room, Inc. v. City of Fort Myers*, 710 F.3d 1294, 1301 (11th Cir. 2013); *United States v. Moody*, 555 F. App'x 867, 869-70 (11th Cir. 2014).

Because Petitioner failed to raise these issues on direct appeal, claim six is procedurally defaulted.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Petitioner's amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 8) is **DENIED**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgment accordingly, and close this case.

3. The **Clerk of the Court** is directed to file a copy of this Order in criminal case number 2:10-cr-36-FtM-36DNF and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Cr. Doc. 120) pending in that case.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY IS DENIED**. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted). Petitioner has not made the requisite showing in these circumstances.

Because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** in Tampa, Florida on October 8, 2015.

Charlene Edwards Honeywell
United States District Judge

SA: OrlP-4 10/8/15
Copies to: Darryl Lamar Powell
Counsel of Record